IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELIAS NIEVES,** | : | CIVIL ACTION NO. 1:12-CV-66 |
| Petitioner | : | |
| | : | **(Judge Conner)** |
| v. | : | |
| | : | |
| **DAVID A. VARANO,** *et al.*, | : | |
| Respondents | : | |

## **ORDER**

AND NOW, this 17th day of September, 2012, upon consideration of the Report and Recommendation of United States Magistrate Judge J. Andrew Smyser (Doc. 27), recommending that the Superintendent of the State Correctional Institution at Coal Township, David A. Varano, be substituted as the proper respondent and that the petition for writ of habeas corpus (Doc. 1) be denied, and, following an independent review of the record and noting that petitioner filed objections[1] to the report on September 6, 2012 (Doc. 28),

---

[1] Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. Supinski v. United Parcel Serv., Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" Id. (citing Shields v. Astrue, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008)).

and the court finding Judge Smyser's analysis to be thorough and well-reasoned, and the court finding petitioner's objections to be without merit and squarely addressed by Judge Smyser's Report[2] (Doc. 27), it is hereby ORDERED that:

1. The Report and Recommendation of Magistrate Judge Smyser (Doc. 27) are ADOPTED.

2. The Superintendent of the State Correctional Institution at Coal Township is substituted as the proper respondent.

3. The petition for writ of habeas corpus (Doc. 1) is DENIED

---

[2]The court would be remiss if it did not expand briefly on the following reference to Lyons v. Mendez, 303 F.3d 285, 287-88 (3d Cir. 2002) on page 15 of the Report: "Two critical elements must be present for a law to be found to be ex post facto: first, the law must be retrospective, applying to events prior to its enactment; and second, it must disadvantage the offender affected by it." Id. Specifically, the court is persuaded by California Dept. of Corrections v. Morales, 514 U.S. 499, 506 n.3 (1995), that the critical inquiry is not whether the petitioner suffers a disadvantage in the opportunity for early release—which petitioner has clearly suffered—but whether the legislative modification materially affects the definition of criminal conduct or the penalty therefor:
> After Collins v. Youngblood, 497 U.S. 37, 41, 110 S.Ct. 2715, 2718, 111 L.Ed.2d 30 (1990), the focus on the ex post facto inquiry is not on whether a legislative change produces some ambiguous sort of "disadvantage," nor, as the dissent seems to suggest, on whether an amendment affects a prisoner's "opportunity to take advantage of provisions for early release," see post, at 1607, but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable.

4. There is no basis for the issuance of a certificate of appealabilty. See 28 U.S.C. § 2253(c).[3]

5. The Clerk of Court is directed to CLOSE this case.

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge

---

[3]Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003)). Here, jurists of reason would not find the disposition of this case debatable. However, petitioner is advised that he has the right to appeal our order denying his petition within thirty days, see 28 U.S.C. § 2253(a); FED. R. APP. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks, and obtains, a certificate of appealability from the court of appeals. See FED. R. APP. P. 22.